**Kay Katangian Todd, Calf. Bar No. 272147**
kplegaldepartment@gmail.com
27 Skyridge
Newport Coast, California 92657
Telephone: (949) 887-8636

**Richard W. Todd, OSB No. 79421** (Pro Hac Vice pending)
rick.tslaw@gmail.com
**TODD & SHANNON, LLP**
226 W Historic Columbia River Highway
Troutdale, Oregon 97060
Telephone: (503) 232-2600
Facsimile: (503) 232-2609

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA / SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER TODD,<br><br>    Plaintiff,<br><br>    vs.<br><br>ACTAVIS INC., a foreign corporation,<br><br>    Defendant.<br><br>_____ | **Civil Case No. _____**<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>(Violation of California Wage Statutes, Breach of Employment Agreement, Breach of Covenant of Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., Wrongful Termination in Violation of Public Policy)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

## JURISDICTION AND VENUE

1.    This court has personal jurisdiction over the parties and the case. Plaintiff is a citizen of California and consents to this court having personal jurisdiction over him.  At

initiation of employment with Defendant's predecessor, he was domiciled in Orange County, California.  Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Plaintiff's commencement of employment and execution of his agreement with Defendant's predecessor occurred in Orange County, California.

2.     Defendant Activis Inc. is a global pharmaceutical company headquartered in Dublin, Ireland with United States headquarters in the state of New Jersey.

3.     The amount in controversy between the parties exceeds $75,000.

4.     This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Further, both parties have consented and stipulated to the exclusive jurisdiction and venue to this court pursuant to the employment agreement in effect at all times herein mentioned.  Federal jurisdiction also exists pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises, in part, under the laws of the United States, including without limitation, under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. Supplemental jurisdiction also exists for the related state law claim(s) that are predicated on the same facts as the federal claims pursuant to 28 U.S.C. § 1367 and Federal Rules of Civil Procedure 18(a).

## FACTUAL ALLEGATIONS

5.     In April of 2011 in Orange County, California, Plaintiff commenced employment as a pharmaceutical representative with Defendant's predecessor, Forest Laboratories, Inc.  As a condition of employment, Plaintiff and Defendant entered into an employment agreement entitled "Confidentiality, Non-Solicitation, and Inventions Agreement."  An unsigned copy of that Agreement is attached as Exhibit A to this Complaint and incorporated herein by reference. His agreed upon compensation included a monthly salary, bonuses, medical insurance, vacation and sick leave, medical disability compensation, and participation in a stock incentive program.

6.      Plaintiff's employment with Defendant was initially successful and he was promoted to a managerial position within the company.  In 2014, Defendant acquired Forest Laboratories, Inc. and assumed all of the rights and obligations pertaining to Plaintiff's employment.

7.      In March of 2014, at the behest of Defendant, Plaintiff was transferred to Chattanooga, Tennessee, assuming a different position with Defendant to further the goals of Defendant and to advance Plaintiff's career within the company.  He maintained his citizenship in the State of California with the eventual goal of returning to that state following his employment tenure in Tennessee.

8.      On October 6, 2014, Plaintiff became seriously ill and was hospitalized for a serious medical condition.   As he was unable to work, he was paid disability benefits until February 23, 2015.  At that time, Plaintiff commenced utilizing his "sick time" and accrued vacation pay until he was able to return to work with Defendant's consent and approval.

9.      Plaintiff continued to utilize his sick time and vacation pay until April 1, 2015, when he returned to work.   During the period of disability and utilization of benefits, Defendant failed to pay Plaintiff the compensation due him and engaged in a pattern of conduct contrary to Plaintiff's contractual relationship with Defendant and on which the contract was based.

10.      Following his return to work on April 1, 2015, Defendant continued its pattern of failing to pay the compensation due him, continued to harass Plaintiff and continued to otherwise breach the terms of its agreement with him.  Defendant's conduct in its dealings with Plaintiff forced Plaintiff to resign as an employee of Defendant on April 6, 2015.

/// ///

/// ///

AS A FIRST CLAIM FOR RELIEF, Plaintiff alleges:

(Violation of California Wage Statutes)

11.     Plaintiff incorporates by reference paragraphs 1. through 10. above.

12.     Following Plaintiff's termination from Defendant's employment as outlined above, Defendant failed to pay Plaintiff wages due in the amount of $10,153.08, failed to pay bonuses due of $13,000.00, and failed to pay health savings benefits due of $1,400.00 in violation of California Labor Code § 201, 201.5, 201.7, 201.9, plus penalties of $5,225.00 pursuant to California Labor Code § 203, plus attorney fees and costs pursuant to California Labor Code § 204, plus prejudgment interest at the statutory rate from the date said wages accrued until entry of judgment.

AS A SECOND CLAIM FOR RELIEF, Plaintiff alleges:

(Breach of Employment Agreement)

13.     Plaintiff incorporates by reference paragraphs 1. through 12. above.

14.     Defendant breached its employment agreement with Plaintiff in the following respects:

    A.     Failure to pay Plaintiff his agreed upon wages and bonuses.

    B.     Failure to pay Plaintiff his health savings amounts due.

    C.     Failing to provide Plaintiff with a proper reconciliation of his wages, bonuses, and benefits as requested.

    D.     Failing to pay wages, bonuses, and benefits to Plaintiff during periodic intervals as agreed.

    E.     Harassing Plaintiff by telephone calls, by using threats and intimidation during his periods of disability and recovery.

F.  Publicizing private information about Plaintiff to other employees.

G.  Making false accusations about Plaintiff pertaining to his character.

H.  Failing to acknowledge agreements made with Plaintiff pertaining to compensation, disability and paid time off.

I.  Providing improper accountings to Plaintiff regarding his compensation and benefits.

J.  Ignoring Plaintiff's repeated requests for information pertaining to his employment status, his disability status, his compensation and his reconciliation of payments.

K.  Adopting a hostile and adversarial posture towards Plaintiff during his period of employment, primarily while Plaintiff was sick/or disabled.

L.  Unilaterally modifying his agreed upon compensation and failing to perform its obligations pursuant to the agreement.

15.  The actions of Defendant, as described in paragraph 14. above, constitute a breach of its employment agreement with Plaintiff and a breach of the Covenant of Good Faith and Fair Dealing inherent in every contract.

16.  As a result of Defendant's conduct in breaching the employment agreement as outlined in paragraph 14. above, Plaintiff has suffered economic damages in the amount of $150,000.00 representing unpaid wages, bonuses, fringe benefits, loss of stock options in the company, and loss of medical insurance coverage.

/// ///

/// ///

Page 5   COMPLAINT

AS A THIRD CLAIM FOR RELIEF, Plaintiff alleges:

(Wrongful Discharge)

17.     Plaintiff incorporates by reference paragraphs 1. through 16. above.


18.     Plaintiff was subjected to working conditions that violated public policy, as follows:

A.     By refusing to pay Plaintiff his wages when due.

B.     By failing to pay Plaintiff his fringe benefits when due.

C.     By issuing documentation indicating that Plaintiff had been paid and deposits made, when no such transfers were actually consummated.

D.     By ridiculing Plaintiff through its Human Resources department and belittling Plaintiff concerning his medical issues.

E.     By improperly probing Plaintiff regarding his medical conditions.

F.     By refusing to corporate with Plaintiff in properly accounting for his compensation.

G.     By issuing false or inaccurate accountings regarding Plaintiff's compensation.

H.     By making frequent demands upon Plaintiff for alleged overpayments without explanation or justification.

I.     By failing to inform and or clarifying to Plaintiff the true identity of Defendant's disability carriers for their employees.

J.     By constantly contacting Plaintiff with threats and intimidation during his medical recovery period.

K.     By accusing Plaintiff of being a racist without justification.

     L.     By discrimination and retaliating against Plaintiff due to his serious

          medical condition(s).

19.     Defendant by words or conduct promised to discharge Plaintiff only for good cause and Plaintiff substantially performed his job duties unless prevented to do so due to his medical condition.  By the conduct outlined in paragraph 18. above, Defendant initially created or knowingly permitted its Human Resources department to create working conditions for Plaintiff to exist that were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

20.     Plaintiff in fact, resigned, because of the intolerable conditions outlined above, has been harmed by the loss of employment and has been economically damaged as set forth in paragraph 16. above.  In addition, the loss of employment resulting from Defendant's actions have aggravated Plaintiff's medical conditions, caused undue stress, worry and embarrassment, and Defendant has therefore suffered non-economic damages in the amount of $250,000.00.

     AS A FOURTH CLAIM FOR RELIEF, Plaintiff alleges:

     (Intentional Inflection of Emotional Distress)

21.     Plaintiff incorporates by reference paragraphs 1. through 20. above.

22.     By its conduct through its Human Resources department, the Defendant intended to inflict severe mental or emotional distress, or knew that the distress was certain or substantially certain to result from the Defendant's conduct.

23.     The Defendant's acts as described above in fact caused the Plaintiff to suffer mental or emotional distress.

24.     The Defendant's acts consisted of some extraordinary transgression of the bounds of socially tolerable conduct and/or exceeded any reasonable limit of social toleration.

Page 7    COMPLAINT

25.    The conduct of Defendant's Human Resources Department as outlined in paragraph 18. above continued during the latter period of Plaintiff's employment and ultimately led to Plaintiff's decision that he had no choice but to resign his employment with Defendant. As a result of Defendant conduct, Plaintiff has suffered economic damages and the loss of income and related benefits and has therefore been economically in the amount of $150,000.00.  Plaintiff has also suffered non-economic damages, including suffering, anguish, nervousness, grief, anxiety, worry, shock, humiliation, and shame and has accordingly suffered non-economic damages in the amount of $250,000.00.

AS A FIFTH CLAIM FOR RELIEF, Plaintiff alleges:

(Negligent Infliction of Emotional Distress)

26.    Plaintiff incorporates by reference paragraphs 1. through 25. above.

27.    The actions of the Human Resources Department of Defendant as described above was negligent.

28.    Plaintiff has suffered serious emotional distress and Defendant's negligence was a substantial factor in causing Plaintiff's serious emotional distress.

29.    As a result of Defendant's negligent conduct as described above, Plaintiff has suffered economic and non-economic damages as set forth in paragraph 25. above.

AS A SIXTH CLAIM FOR RELIEF, Plaintiff alleges:

(Violation of FMLA)

30.    Plaintiff incorporates by reference paragraphs 1. through 29. above.

31.     Defendant, at all times herein mentioned, was subject to FMLA, 29 U.S.C. § 2601.  That required Defendant to refrain from discriminating or retaliating against Plaintiff on Plaintiff's need to tend to his serious medical condition or to have taken such leave.

32.     Defendant nonetheless discriminated, retaliated, and constructively discharged Plaintiff because he accessed leave time to tend to his serious medical condition.

33.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

34.     In committing the foregoing acts, Defendant has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of Defendant.

35.     The acts of oppression, fraud, and/or malice, were engaged in by employees of Defendant. Defendant had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendant, thereby entitling Plaintiff to punitive and exemplary damages against Defendant in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of Defendant.

36.     FMLA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

37.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

AS A SEVENTH CLAIM FOR RELIEF, Plaintiff alleges:

(Wrongful Termination in Violation of Public Policy)

38.     Plaintiff incorporates by reference paragraphs 1. through 37. above.

39.     Defendant constructively terminated Plaintiff's employment in violation of important and well-established public policies, set forth in various state and federal statutes including, but not limited to, California Government Code section 12940(a).

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.     Judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, but not limited to economic and non-economic damages, compensatory damages, statutory damages, punitive damages, and prejudgment and postjudgment interest as permitted by law.

B.     An award of attorney fees, costs and expenses.

C.     Such other and further relief as the court deems just equitable and proper.


DATED:        October 20, 2015

                              Respectfully submitted,


                              /s/ Kay Katangian Todd
                              Kay Katangian Todd, Calf. Bar No. 272147
                              kplegaldepartment@gmail.com
                              27 Skyridge
                              Newport Coast, California 92657
                              Telephone: (949) 887-8636